Victor Vicente CHAMALE, Petitioner,

v.

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 04–72090.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.**

Decided April 4, 2005.

Daniel E. Chavez, Esq., Law Offices of
Daniel E. Chavez, Petaluma, CA, for Peti-
tioner.

Regional Counsel, Western Region Im-
migration & Naturalization Service, Lagu-
na Niguel, CA, Richard M. Evans, Esq.,
Susan Houser, Esq., DOJ—U.S. Depart-
ment of Justice Civil Div./Office of Immi-
gration Lit., Washington, DC, for Respon-
dent.

Before: B. FLETCHER, TROTT, and
PAEZ, Circuit Judges.

MEMORANDUM ***

Victor Vicente Chamale, a native and
citizen of Guatemala, petitions for review
of the Board of Immigration Appeals'
("BIA") affirmance of an Immigration
Judge's ("IJ") denial of his applications for
asylum, withholding of removal, and pro-
tection under the Convention Against Tor-
ture ("CAT"). We have jurisdiction pursu-

---

* Alberto R. Gonzales is substituted for his pre-
  decessor, John Ashcroft, as Attorney General
  of the United States, pursuant to Fed. R.App.
  P. 43(c)(2).

** The panel unanimously finds this case suit-
   able for decision without oral argument. See
   Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publi-
    cation and may not be cited to or by the
    courts of this circuit except as provided by
    Ninth Circuit Rule 36–3.

318

ant to 8 U.S.C. § 1252, and we deny the petition for review.

 Assuming, as the BIA did, that Chamale testified credibly, substantial evidence nonetheless supports the BIA's determination that Chamale failed to establish a well-founded fear of persecution on account of his membership and involvement with the Democratic Party and the Civil Defense Patrol. *See Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003) (holding that while the petitioner's fear was subjectively genuine, it was not objectively reasonable under the circumstances).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Chamale's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

PETITION FOR REVIEW DENIED.